**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
UNITED STATES OF AMERICA,

           -against-                      **MEMORANDUM OF**
                                      **DECISION & ORDER**

SHAROD WILLIAMS,                  10-cr-622 (ADS)

              Defendant.

---------------------------------------------------------X

**APPEARANCES:**

**United States Attorney's Office, Eastern District of New York**
610 Federal Plaza
Central Islip, NY 11722
        By:    Lara Treinis Gatz, Assistant U.S. Attorney

**Gary Schoer, Esq.**
*Counsel for the Defendant*
6800 Jericho Turnpike, Suite 108W
Syosset, NY 11791

**SPATT, District Judge**:

On December 8, 2011, after a three-week jury trial, the Defendant Sharod Williams (the "Defendant" or "Williams") was convicted of 15 criminal counts, the same counts for which he had been indicted by a grand jury on August 12, 2010. This conviction stems from a series of robberies, which resulted in a conviction of one count of Robbery Conspiracy, two counts of Post Office and Bank Robbery Conspiracy, seven counts of Substantive Robberies, and five counts of Brandishing a Firearm in Furtherance of the Substantive Robberies. Williams was arrested on June 16, 2010 and has been incarcerated ever since. He is currently scheduled to be sentenced on December 1, 2017.

Presently before the Court is a motion by the Defendant, pursuant to Federal Rule of Criminal Procedure ("FED. R. CRIM. P." or "Rule") 33 for a new trial based on (1) claimed ineffective assistance of counsel at trial; (2) purported newly discovered evidence; (3) alleged *Brady* violations; and (4) the alleged presentation of false testimony. For the following reasons, the Defendant's motion is denied in its entirety.

## I. BACKGROUND

For the purposes of this motion, familiarity with the underlying trial record, which spans almost two thousand (2,000) transcribed pages, is presumed. The Court's discussion of the evidence adduced at the trial will be limited to the specific challenges presently raised by the Defendant. In this regard, references to the trial transcript are denoted as "Tr."

As stated above, on December 8, 2011, after a three-week trial, the jury convicted the Defendant on 15 counts of criminal conduct. The Defendant's trial counsel, Randi Chavis, Esq., requested that the Court poll the jury. The Court obliged counsel's request and the polling revealed that the jury's verdict was unanimous on all counts. Tr. 1870-1919 ("Let the record indicate that the oral polling exactly coincides with the written verdict sheet, and the foreman's oral recitation of the verdict."). After the Court recessed the jury, Ms. Chavis requested the right to reserve ten days to submit post-trial motions to the Court. The Court granted Ms. Chavis's request. Tr. 1919.

Sentencing was originally scheduled for March 23, 2011. Since then, the Court has granted more than twenty motions to adjourn the Defendant's sentencing. At this juncture, sentencing has been delayed more than six years from its original scheduled date.

On September 18, 2014, Gary Schoer, Esq was appointed under the Criminal Justice Act as the Defendant's counsel to replace Ms. Chavis.

On October 3, 2014, Mr. Schoer asked the Court for a postponement of sentencing for the first time, citing his continuing review of the Presentence Report.  *See* Docket Entry ("DE") 382.  The Court granted this request.  *See* DE 383.

On January 29, 2015, the Court again granted a request by Mr. Schoer to continue sentencing to allow for additional time to review the trial transcript.  *See* DE 396-97.

On April 13, 2015, Mr. Schoer again asked the Court to continue the sentencing, asserting for the first time that he was "presently researching and investigating various issues that [he] intend[s] to raise on Mr. William's [*sic*] behalf as part of his sentence proceeding."  DE 406.  This request was once again granted.  *See* DE 407.

For more than a year and a half, Mr. Schoer continued to ask, and this Court continued to grant, sentencing adjournments to investigate issues he planned to raise "as part of his sentence proceeding."  *See, e.g.*, DE 443-44.

On September 30, 2016, Mr. Schoer requested a sentencing adjournment "in light of a motion [he] expect[ed] to file on December 9, 2016[.]"  DE 462.  This request was granted.  *See* DE 463.

The present motion in this action was filed on December 9, 2016 by the Defendant seeking a new trial, or alternatively an evidentiary hearing, pursuant to Rule 33.

## II.  DISCUSSION

Rule 33 states that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  FED. R. CRIM. P. 33(a).  Although the Court "has broad[] discretion to grant a new trial under Rule 33[,]" it "nonetheless must exercise [its] Rule 33 authority 'sparingly' and in 'the most extraordinary circumstances.'"  *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001) (quoting *United States v. Sanchez*, 969 F.2d 1409,

1414 (2d Cir. 1992)); *United States v. Wong*, 78 F.3d 73, 79 (2d Cir. 1996). "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice." *Ferguson*, 246 F.3d at 134. "In other words, there must be a real concern that an innocent person may have been convicted" for the Court to grant such a motion. *United States v. Snype*, 441 F.3d 119, 140 (2d Cir. 2006) (internal quotations and citations omitted). "The defendant bears the burden of proving that he is entitled to a new trial under Rule 33." *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009) (internal citations omitted).

## A. Timeliness

A motion for a new trial under Rule 33 on the basis of newly discovered evidence must be filed within three years of "the verdict or finding of guilty," FED. R. CRIM. P. 33(b)(1), while a Rule 33 motion based on any other ground must be filed within 14 days of "the verdict or finding of guilty." *See* FED. R. CRIM. P. 33(b)(2).

Williams contends that his motion for a new trial was timely filed because of (1) the grounds the motion is based on; (2) the fact that he has not yet been sentenced; (3) the delay in finalizing the Presentence Report, assignment of new counsel, and investigation required to submit the instant motion excuses the delay; and (4) the government and the Court allegedly consented to a delay in the filing.

As a preliminary manner, regardless of whether the motion is grounded in "newly discovered evidence," the motion was filed far after the prescribed limit. The verdict was read on December 8, 2011, which, under Rule 33, prescribes a time limit of December 8, 2014 if the motion is grounded in "newly discovered evidence," and December 22, 2011 under any other ground. After the 14 day limit, the only ground on which Williams may pursue a new trial under Rule 33

is the existence of newly discovered evidence.  *See* FED. R. CIV. P. 33(b). This motion was filed

on December 9, 2016, years after the prescribed time limit.

However, the Rule 33 time limits are not jurisdictional, and must be read in conjunction

with Rule 45.  *See Eberhart v. United States*, 546 U.S. 12, 19, 126 S. Ct. 403, 163 L. Ed. 2d 14

(2005) (per curiam) (concluding that Rule 33 motions are non-jurisdictional).  Rule 45(b) states,

in pertinent part: "When an act must or may be done within a specified period, the court on its own

may extend the time, or for good cause may do so on a party's motion made … after the time

expires if the party failed to act because of excusable neglect."  FED. R. CRIM. P. 45(b).  In this

case, the Defendant failed to demonstrate excusable neglect for filing the instant motion years later

than the time limit provided by the Rules.  The Court, therefore, finds it untimely.

To establish excusable neglect, the Court must review all the surrounding circumstances,

including the four *Pioneer* factors: "(1) the danger of prejudice to the non-moving party, (2) the

length of delay and impact on judicial proceedings, (3) the reason for the delay, including whether

it was within the reasonable control of the moving party, and (4) whether the moving party acted

in good faith." *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415 (2d Cir. 2004) (citing *Pioneer*

*Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d

74 (1993)); *see also Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (same);

*United States v. Sabir*, 628 F. Supp. 2d 414, 417 (S.D.N.Y. 2007) (same).  This decision "is at

bottom an equitable one, taking account of all relevant circumstances surrounding the party's

omission." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

However, "despite the flexibility of 'excusable neglect' and the existence of the four-factor

test in which three of the factors usually weigh in favor of the party seeking the extension, [the

Second Circuit] and other circuits have focused on the third factor: 'the reason for the delay[.]'"

*Silivanch*, 333 F.3d at 366 (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). In situations such as this, where "the rule [at issue] is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Canfield v. Van Atta Buick/GMC Truck Inc.*, 127 F.3d 248, 250-51 (2d Cir. 1997); *see also Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996) ("Excusable neglect is not easily demonstrated, nor was it intended to be.").

The government would likely experience some level of prejudice if this Court were to grant a motion for a new trial. "[S]ome level of 'prejudice may be presumed as a matter of law' due to the length of the Defendant's delay." *United States v. Cook*, No. 13-cr-777, 2014 WL 12681367, at *1 (S.D.N.Y. Nov. 17, 2014) (quoting *Canini v. U.S. Dep't of Justice Fed. Bureau of Prisons*, No. 04-cv-9049, 2008 WL 818696, at *4 (S.D.N.Y. Mar. 26, 2008)). Moreover, approximately six years have passed since the Defendant's trial. With the passage of time carries a heightened risk of faded memories. *See, e.g.*, *Cook*, 2014 WL 12681367, at *1 ("The reliability of witness testimony naturally degrades over time and thus questioning the reliability of [the witness's] testimony six months later than necessary may cause prejudice to the Government." (internal citations omitted)). At a new trial or hearing, the Defendant would have the advantage of cross-examining government witnesses on events that occurred eight years ago involving six-year-old testimony.

While the first factor, the danger of prejudice to the nonmoving party, only weighs slightly against the Defendant, the second factor heavily favors the government. Williams's motion was filed *years* after the deadline, which required the Court to postpone the Defendant's original sentencing many times over the years. The Defendant has now been incarcerated for approximately seven years without being sentenced for his crimes.

Regarding the third factor, the reason for delay, the Defendant has presented four primary reasons for the delay. The Court will address them each in turn. First, Williams asserts that the allegations present in the motion excuse such tardiness. *See* DE 488 at 1 ("The motion is primarily grounded on constitutional violations of prosecutional [*sic*] misconduct in failing in its *Brady* obligation and in breaching its duty to not illicit known false testimony, as well as the constitutional violation of ineffective assistance of counsel in failing to adequately investigate, prepare and present Defendant's defense."). As previously explained, the Defendant's allegations are relevant insofar as they determine whether, pursuant to Rule 33(b), the instant motion was due to this Court 14 days from sentencing or three years from sentencing. Given that the motion was untimely under either category, the allegations supporting the motions have no basis on whether the Defendant has demonstrated excusable neglect.

Williams's contention that the motion was timely filed because he has not yet been sentenced is also without merit. As the text of Rule 33 makes clear, "the time for making the motion is within [14] days [or three years] 'after verdict or finding of guilty,' not imposition of sentence." *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991) (citing FED. R. CRIM. P. 33(b)).

The Defendant's argument that the government's delay in finalizing the Presentence Report or the assignment of new counsel excused such a delay also lacks merit. Not only was Williams's counsel appointed after the filing of the Presentence Report, but the instant motion fails to cite or reference the Presentence Report. Further, this Court's assignment of new counsel may not justify such a lengthy delay on the part of the Defendant. *See, e.g.*, *U.S. v. Pomerico*, No. 06-cr-113, 2008 WL 4469465, at \*2 (E.D.N.Y. Oct. 3, 2008) ("[T]he change in representation … can[not] excuse defendant's five-month delay in filing this motion.").

Williams's final explanation for his delay, that this Court and the government consented, is wholly without merit. First, the Defendant has not submitted any support that the government consented to such a request and the Court's review of the docket in this matter reveals none. Second, this Court *never* consented to adjourn the deadline for the *instant motion*, but only to adjourn *the Defendant's sentencing date*. *See, e.g.*, DE 382 ("I therefore request that the scheduled sentence be adjourned…"), 396 ("In light of the above, respectfully, I therefore request that the scheduled sentence be adjourned…"), 406 (same), 443 (same). Williams's counsel merely informed the Court that he was "researching and investigating various issues that [he] intend[ed] to raise on Mr. William's [*sic*] behalf *as part of his sentence proceeding*." DE 406 (emphasis added). Williams's attorney never informed this Court of his intention to bring a motion for a new trial under Rule 33 nor did he ever request that the deadline to file the instant motion be extended.

As to the fourth and final factor, there is no allegation of bad faith. "While a notable mistake, this is not bad faith." *United States v. Chujoy*, 207 F. Supp. 3d 660, 665 (W.D. Va. 2016).

Taking into account the totality of the circumstances, the Court concludes that the Defendant has failed to demonstrate excusable neglect and therefore, the motion is untimely.

## B. The Merits

Even if the Defendant had filed the motion in a timely fashion, it is far from satisfying the "heavy burden" imposed on a Defendant who is "challenging the sufficiency of evidence supporting a conviction." *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000) (internal citations omitted).

### 1. The Alleged *Brady* Violations

*Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) and its progeny requires the Government to disclose material evidence which is favorable to a criminal defendant.

*United States v. Rivas*, 377 F.3d 195, 199 (2d Cir. 2004). There are three components to a *Brady* violation that the Defendant must establish: "(1) that the evidence at issue is 'favorable to the accused, either because it is exculpatory, or because it is impeaching'; (2) the 'evidence must have been suppressed by the State, either willfully or inadvertently'; and (3) 'prejudice must have ensued.'" *United States v. Paulino*, 445 F.3d 211, 224 (2d Cir. 2006) (quoting *Strickler v. Greene*, 527 U.S. 263, 281-82, 119 S. Ct. 1936, 1948, 144 L. Ed. 2d 286 (1999); *see also United States v. Jackson*, 345 F.3d 59, 71 (2d Cir. 2003).

The third component, otherwise known as the materiality component hinges on whether there is a "'reasonable probability' of a different result." *Kyles v. Whitley*, 514 U.S. 419, 434, 115 S. Ct. 1555, 1566, 131 L. Ed. 2d 490 (1995). "This is not a test for sufficiency of evidence; the defendant must show that 'the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.'" *Jackson*, 345 F.3d at 73-74 (quoting *Kyles*, 514 U.S. at 434).

Williams, who is "seeking a new trial on the basis of an alleged *Brady* violation[,] bears the burden of demonstrating both that the Government suppressed exculpatory information and that this information was material." *United States v. Brunshtein*, 344 F.3d 91, 101 (2d Cir. 2003) (citing *United States v. Payne*, 63 F.3d 1200, 1208 (2d Cir. 1995)).

In the instant case, the Defendant accuses the government of failing to disclose evidence that could have been used during trial to impeach government witnesses. In the Second Circuit, such evidence has been found to be material "where the witness at issue supplied the only evidence linking the defendant(s) to the crime, … or where the likely impact on the witness's credibility would have undermined a critical element of the prosecution's case." *Payne*, 63 F.3d at 1210 (internal citations and quotations omitted). Impeachment evidence is not material when the

evidence at issue "merely furnishes an additional basis on which to impeach a witness whose credibility has already been shown to be questionable." *Id*. (internal citations omitted). Here, the *Brady* material at issue involves the latter circumstances.

In the Court's view, the government's alleged failure to disclose two unindicted co-conspirators' lack of participation in the November 28, 2009 armed robbery of the Gold Fashion Jewelry Store and related evidence would not have changed the jury's verdict of guilty. The government's unrelated testimonial, video and photographic evidence, along with its evidence regarding the Defendant's cellular phone provided ample evidence to permit a reasonable jury to find the Defendant guilty. The Defendant's allegations do not dispute his *participation* in the crimes, but merely provide additional impeachable information regarding co-conspirators. Therefore, Williams has failed to meet his burden regarding the alleged *Brady* violations to demonstrate that Rule 33 relief is appropriate.

2. Newly Discovered Evidence

A Rule 33 motion on the basis of newly discovered evidence requires: "(1) the evidence be newly discovered after trial; (2) facts are alleged from which the court can infer due diligence on the part of the movant to obtain the evidence; (3) the evidence is material; (4) the evidence is not merely cumulative or impeaching; and (5) the evidence would likely result in an acquittal." *United States v. Owen*, 500 F.3d 83, 88 (2d Cir. 2007) (internal citations omitted).

As stated in the fifth requirement, the "newly discovered evidence must be of a sort that could, if believed, change the verdict." *United States v. Gambino*, 59 F.3d 353, 364 (2d Cir. 1995) (citing *United States v. Gilbert*, 668 F.2d 94, 96 (2d Cir. 1981), *cert. denied*, 456 U.S. 946, 102 S. Ct. 2014, 72 L. Ed. 2d 479 (1982)); *United States v. Imran*, 964 F.2d 1313, 1318 (2d Cir. 1992), *cert. denied*, 506 U.S. 1009, 113 S. Ct. 626, 121 L. Ed. 2d 558 (1992). "The trial court has 'broad

discretion' to decide Rule 33 motions based upon its evaluation of the proof produced." *Gambino*, 559 F.3d at 364 (citing *Sanchez*, 969 F.2d at 1413).

In the instant case, the Defendant's discovery that two unindicted co-conspirators, Shonet Seales and Raquelle Jennings were purportedly not present for the November 28, 2009 armed robbery of the Gold Fashion Jewelry Store is highly unlikely to lead to an acquittal and would likely be cumulative to the government's case. The witnesses at issue were already subject to cross-examination and attacks on their credibility. *See, e.g.*, Tr. 318-356. Moreover, such information does not contradict the core of the government's case, which was made up of largely unrelated testimony, video and photographic evidence, as well as evidence regarding the Defendant's cellular phone. With or without this "new evidence," the veracity and viability of the government's case remains largely unchanged.

The Defendants have failed to demonstrate that this is a "most extraordinary circumstance," *Imran*, 964 F.2d at 1318 (quoting *United States v. Di Paolo*, 835 F.2d 46, 49 (2d Cir. 1987)), warranting relief.

### 3. Ineffective Assistance of Counsel

Williams's ineffective assistance of counsel claims fail as a matter of law. The Second Circuit has noted that a Motion for a New Trial is an inappropriate vessel to address ineffective assistance of counsel claims. *See United States v. Cammacho*, 462 Fed. Appx. 81, 83 (2d Cir. 2012). Further, Williams's claims do not demonstrate that such evidence could not have been discovered using due diligence, which is required for a Rule 33 motion. *See Siddiqi v. United States*, 98 F.3d 1427, 1437 (2d Cir. 1996). Therefore, the Defendant's claims of ineffective assistance of counsel are without merit.

4. False Testimony

The Defendant's allegations that the government secured a conviction through testimony known to be untrue is totally speculative and insufficient so as to rationalize a new trial. Merely proving perjury does not justify Rule 33 relief. *United States v. Stewart*, 433 F.3d 273, 297 (2d Cir. 2006) (internal citations omitted). Perjury is merely a threshold inquiry. *Id*. (internal citations omitted); *see also United States v. White*, 972 F.2d 16, 22 (2d Cir. 1992) ("[T]he mere fact that [a witness] lied on the witness stand does not automatically entitled [a defendant] to a new trial."). "[W]hen a trial has been tainted by false testimony," the Court is required to decide "whether false testimony was prejudicial in the sense that it affected the outcome of the trial." *Stewart*, 433 F.3d at 297.

Here, as already mentioned, the information at issue is cumulative and is not crucial to the outcome of the case. *See White*, 972 F.2d at 20-22. Further, the record does not demonstrate that the government knew or should have known at the time of trial that the testimony at issue was false or that any perjury was committed. The Defendant has failed to raise allegations sufficient for this Court to disturb the jury's determinations regarding the credibility of the witnesses-at-issue, nor convince this Court that the testimony at issue would have impacted the outcome of the trial.

### III. CONCLUSION

The Defendant's motion pursuant to Rule 33 is denied in its entirety as the Defendant failed to file it within the timeframe prescribed in Rule 33(b) and demonstrate excusable neglect. Alternatively, if the Defendant had demonstrated excusable neglect and the motion is considered on its merits, it is denied. An evidentiary hearing on the motion is unnecessary.

It is **SO ORDERED**:

Dated: Central Islip, New York

November 15, 2017

_\_\_/s/ Arthur D. Spatt\_\__

ARTHUR D. SPATT

United States District Judge